Robert L. VESCO, Appellant in No. 71–1711 and International Controls Corp.,

v.

SECURITIES AND EXCHANGE COMMISSION et al.

Appeal of INTERNATIONAL CONTROLS CORP., in No. 71–1712.

Nos. 71–1711, 71–1712.

United States Court of Appeals, Third Circuit.

Argued June 12, 1972.

Decided June 28, 1972.

Sherwin J. Markman, Hogan & Hartson, Washington, D. C., for appellants.

Robert E. Kushner, Asst. Gen. Counsel, SEC, Washington, D. C., for appellees.

Before SEITZ, Chief Judge, and VAN DUSEN and ADAMS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Robert Vesco and the company of which he is chairman and chief executive officer, International Controls Corporation [ICC], filed a complaint in the district court seeking declaratory and injunctive relief to the effect that the Securities and Exchange Commission [SEC] should not be permitted, pursuant to a subpoena served on plaintiffs, to require Vesco or ICC to divulge information or documents, the disclosure of which would subject them to criminal penalties based on Swiss law relating to the secrecy of banking transactions.

The SEC and the other defendants, in their answer, moved to dismiss the complaint, and filed a counterclaim asking the district court to order Vesco and ICC to comply with the SEC's subpoena. The district court granted the motion to dismiss the complaint and, after a hearing, judgment was entered for defendants on their counterclaim. Vesco and ICC have appealed from the judgments dismissing their complaint and granting the relief requested in the counterclaim.

Although important questions of law were briefed and argued by both sides, it has come to the attention of the Court through counsel that subsequent to the entry of the judgments appealed from, both Vesco and ICC have complied fully with the subpoena in issue. Thus, a question of mootness arises, and because it goes directly to our jurisdiction to entertain the appeal, we must consider the problem *sua sponte*. North Carolina v. Rice, 404 U.S. 244, 92 S.Ct. 402, 30 L. Ed.2d 413 (1971).

The complaint below sought to enjoin the enforcement of a particular subpoena. If we were to hold that the complaint were dismissed improperly, our ruling would have no effect on the complaint because plaintiffs' full compliance with the subpoena has obviated the "case or controversy" originally surrounding the subpoena. Equally, to affirm the dismissal of the complaint would be merely academic because the controversy concerning this subpoena no longer exists. *See* Banger v. Philadelphia Electric Company, 419 F.2d 1322 (3d Cir. 1969).

The same reasoning controls the appeal from the district court's order that

plaintiffs comply with the subpoena. The order is analogous to a temporary restraining order that has expired.[1] This is so because the actions required by the district court have now been accomplished, and the order is, therefore, now academic.

Accordingly, we dismiss the appeals as moot, without prejudice to plaintiffs' instituting a new action should further subpoenas for different information be forthcoming from the SEC.

---

1. That judgment no longer benefits the SEC in the legal sense nor threatens the plaintiffs, because they have completely obeyed the district court's mandate.